**ORDERED.**

Dated: May 11, 2009



_signature_
EILEEN W. HOLLOWELL
U.S. Bankruptcy Judge

PIEKARSKI & BRELSFORD, P.C.
2942 N 24th St., Ste. 109
Phoenix AZ 85016
Phone: (602) 956-1161
Fax: (480) 247-4383
Christopher J. Piekarski, AB# 019251
Nathan J. Brelsford, AB# 024853
Attorneys for Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

In re:

KEVIN P. HINTON and CARRIE L. HINTON,

Debtor(s).

Case No.: 4:08-bk-10183-EWH

~~STIPULATED ORDER CONFIRMING~~ AMENDED CHAPTER 13 PLAN

It having been determined after notice:

1. That the Amended Chapter 13 Plan of the Debtors filed on October 20, 2008, complies with Chapter 13 and all other applicable provisions of 11 U.S.C. § 1325;

2. That any fee, charge, or amount required under 28 U.S.C. § 123, or by the plan, to be paid before confirmation, has been paid;

3. That the Plan has been proposed in good faith and is not by any means forbidden by law;

4. That the value, as of the effective date of the plan, of property to be distributed under the plan on account of each unsecured claim is not less than the amount that would be paid on such claim if the estates of the debtor was liquidated under Chapter 7 of 11 U.S.C.;

5. That the plan provides that, the holders of secured claims, who have not accepted the plan shall retain their liens, and the value, as of the effective date of the plan, of property to be distributed under the plan on account of secured claims whose holders have not accepted the plan is not less than allowed amount of those claims;

6. That the Plan and this Stipulated Order shall not constitute an informal proof of claim for any creditor.

IT IS THEREFORE ORDERED:

That the Chapter 13 Plan of the Debtors be and hereby is confirmed, subject to the following terms and conditions:

I. INCOME: That the Debtors shall pay to the Chapter 13 Trustee the sum of $47,952.00 over the anticipated life of the Plan as follows:

> Months 1 – 48 (@ $773.00 per month) = $37,104.00
>
> Months 49 – 60 (@ $904.00 per month) = $10,848.00
>
> **TOTAL PLAN YIELD = $47,952.00**
>
> (September 2008 through August 2013)
>
> The first payment was due August 23, 2008

II. PLAN DURATION: In no event will the duration of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee and/or any supplemental Plan payment made by the Debtor(s) unless, before the end of this period, the amount necessary to pay all allowed claims in full has been paid in full.

III. PAYMENT DUE DATE: Debtor is instructed to remit monthly payments on or before the 23rd of each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall at the end of the Plan cannot be discharged. This requirement is effective regardless of plan payment suspensions, waivers or moratoriums.

IV. INCOME TAX RETURN COPIES: The debtor is required to provide, directly to the trustee within 30 days after the returns are filed, copies of their Federal and State income tax returns for years 2008 and 2009.

V. TRUSTEE'S FEES: The Trustee shall receive such percentage fee of the Plan payments as may be fixed by the U.S. Attorney General pursuant to 28 U.S.C. § 586(e), not to exceed 10%.

VI. ATTORNEY'S FEES: That the attorney for the Debtor is awarded a fee in the amount of $3,500.00 of which $1,500.00 has been previously paid by the Debtor. The balance of $2,000.00 is to be paid by the Trustee from the Debtor's plan payments.

VII. SECURED CLAIMS-REAL PROPERTY

    1. The name of the creditor is Wells Fargo Home Mortgage, secured by a deed of trust for a 1st mortgage on real property located at 45239 W. Juniper Ave, Maricopa, AZ 85239. The Debtor shall pay the regular monthly payments pursuant to contract terms directly to the creditor. The property may be sold or encumbered without further order of the Court, upon the approval of the Trustee.

        i. ARREARS: Wells Fargo Home Mortgage will receive $6,678.48 per its proof of claim through the Plan for mortgage arrears on the real property described above.

    2. The name of the creditor is Countrywide Home Loans, Inc. ("Countrywide"), secured by a deed of trust for a 2nd mortgage on real property located at 45239 W. Juniper Ave, Maricopa, AZ 85239. The Debtor shall not pay the regular monthly payments. Debtor has filed a Motion to Avoid Lien of Countrywide and the Court has granted the Motion for the reason that the 2nd mortgage is entirely unsecured. Countrywide's claim shall be treated as a general unsecured claim pursuant to the Court's order.

VIII. SECURED CLAIMS-PERSONAL PROPERTY

    1. The name of the creditor is Americredit, secured by a lien on 2006 Kia Spectra automobile, shall be paid a claim of $11,655.30 at 7.0% interest.

        i. ADEQUATE PROTECTION: Americredit shall receive an adequate protection payment of $70.00 per month for each payment made under the plan starting from month one of the plan, until commencement of the payment of its secured claim as set forth above. The adequate protection payments will be credited towards the amount to be paid to the creditor through the plan.

    2. The name of the creditor is Desert Schools Federal Credit Union, secured by a lien on 2008 Nissan Maxima automobile, shall be paid a claim of $13,435.00 at 5.0% interest.

i. ADEQUATE PROTECTION: Desert Schools Federal Credit Union shall receive an adequate protection payment of $134.00 per month for each payment made under the plan starting from month one of the plan, until commencement of the payment of its secured claim as set forth above. The adequate protection payments will be credited towards the amount to be paid to the creditor through the plan.

3. The name of the creditor is Prime Acceptance Corporation, secured by a lien on a water treatment system, shall be paid a claim of $5,000.00 at 0.0% interest.

IX. UNSECURED CLAIMS: That all other claims shall be classified as unsecured. Unsecured claims shall be paid the balance of payments under the plan pro rata as determined by the Trustee and any amounts unpaid shall be discharged.

X. PROPERTY TO BE SURRENDERED:

1. The name of the Creditor is WFS/Wachovia Dealer Services. The property surrendered is a 2007 Nissan Murano automobile. All stays against enforcement by the creditor of its interest in the collateral shall be vacated. Any allowable claim for a deficiency shall be treated as an unsecured claim.

2. Timeshare with Equiant Financial located at the Legacy Resort in Phoenix, AZ shall be surrendered. All stays against enforcement by the creditor of its interest in the collateral shall be vacated. Any allowable claim for a deficiency shall be treated as an unsecured claim.

XI. EFFECTIVE DATE AND VESTING: The effective date of the Plan shall be the date of this Order. Property of the estate shall vest in the debtor upon confirmation of the Plan. The debtor may use the property in any manner, or may sell the property, without further order of this court.

DONE IN OPEN COURT THIS DATE: _____

_____
The Honorable United States Bankruptcy Judge

ORDER APPROVED AS TO FORM AND CONTENT BY:

*signature* 5/4/09

Dianne C. Kerns
Chapter 13 Trustee
7320 N. La Cholla #154-413
Tucson, Arizona 85741

/s/ NJB 024853
Nathan J. Brelsford
2942 N 24th St., Ste. 109
Phoenix, Arizona 85016
Attorney for Debtors